******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* THOMAS WALCZYK
(AC 36354)

DiPentima, C. J., and Prescott and Dupont, Js.

*Argued November 17, 2014—officially released February 24, 2015*

(Appeal from Superior Court, judicial district of
Hartford, geographical area number twelve, C.
Taylor, J.)

*Bethany L. Phillips*, for the appellant (defendant).

*Maria del Pilar Gonzalez*, deputy assistant state's
attorney, with whom, on the brief, were *Gail P. Hardy*,
state's attorney, and *Jaclyn Preville*, deputy assistant
state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Thomas Walczyk,[1] appeals from the judgment of conviction, rendered after a jury trial, of evading responsibility in violation of General Statutes (Rev. to 2011) § 14-224 (b)[2] following his involvement in a motor vehicle accident. On appeal, the defendant claims that there was insufficient evidence produced at trial with respect to two elements of § 14-224 (b): (1) damage to the school bus; and (2) whether the defendant fulfilled his statutory obligation to stop, render assistance, and give his name, address, operator's license number and registration number to either the school bus driver or the police. We disagree and, accordingly, affirm the judgment.

The jury reasonably could have found the following facts. On September 5, 2012, a school bus driver was transporting schoolchildren home on a school bus and was approaching a stop sign located on Howard Street in East Hartford, when he noticed a vehicle parked on the right hand side of the street approximately ten to twenty feet from the stop sign. He then drove to the left side of that parked vehicle in order to safely approach the stop sign. While the school bus was still positioned on the incorrect side of the street, the defendant drove his vehicle, a station wagon, toward the school bus and, upon observing the school bus in his way, yelled at the bus driver to move the bus. When the bus driver did not move the school bus, the defendant drove his vehicle between the bus and the parked car. In doing so, the defendant hit the side of the school bus and its front bumper with his vehicle. The school bus sustained damage to the right side of its front bumper. After the accident, the defendant exited his vehicle, picked up a piece of molding that had fallen off his vehicle due to the collision with the school bus, and yelled various obscenities at the bus driver to which the bus driver did not respond. The bus driver did not feel it was safe to respond to the defendant because he had schoolchildren on the bus and he felt that he needed to protect them. Subsequently, the defendant backed up his vehicle and drove off without giving the bus driver his name, address, license number or registration number. The defendant did not initiate any contact with the police following the accident.

Following the accident, the bus driver radioed to his dispatcher to explain what had happened and the dispatcher contacted the East Hartford Police Department. When the police arrived on the scene, the bus driver gave Officer Frank Thomas the defendant's license plate number. On the basis of that information, Thomas telephoned the defendant that evening and the defendant identified himself as the person operating the vehicle involved in the accident. The defendant met Thomas at the police station a few days later and provided Thomas with his insurance paperwork. Subse-

quently, the defendant was charged with evading responsibility pursuant to § 14-224 (b).

After a jury trial, the defendant was convicted of evading responsibility pursuant to § 14-224 (b), and was sentenced by the court to one year of incarceration, execution suspended, followed by three years of probation, and fined six hundred dollars. Thereafter, he filed this appeal and a motion to stay "the entire order of probation" pending the outcome of this appeal, which motion was granted by the trial court. On appeal, the defendant argues that there was insufficient evidence for the jury to conclude that he violated § 14-224 (b). Specifically, the defendant argues that the evidence was not sufficient to prove beyond a reasonable doubt whether there was any damage to the school bus, and whether he stopped, rendered assistance to the bus driver, and gave the bus driver his name, address, operator's license number or registration number.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [jury] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Elsey*, 81 Conn. App. 738, 743–44, 841 A.2d 714, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004). "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [jury's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Lopez*, 280 Conn. 779, 809, 911 A.2d 1099 (2007).

General Statutes (Rev. to 2011) § 14-224 (b) requires that "[e]ach person operating a motor vehicle who is knowingly involved in an accident which causes . . . damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number . . . to the owner of the . . . damaged property, or to any officer or witness to the . . . damage to property, and if such operator of the motor vehicle causing the . . . damage to any property is unable to give his name, address and operator's license number and registration number to the . . . owner of the property . . . damaged, or to any witness or officer, *for any reason or cause*, such operator shall immediately report such . . . damage to property to a police officer . . . a state police officer or an inspector of motor vehicles or at the nearest police precinct or station,

and shall state in such report the location and circumstances of the accident causing the . . . damage to property and his name, address, operator's license number and registration number." (Emphasis added.)

On the basis of the differing accounts of damage to the school bus, the jury could have concluded that the bus had sustained some damage, however slight, and that the defendant should have given the bus driver the information required by the statute. Although the defendant testified that he did stop and attempt to talk to the driver, he did not, perhaps due to his own demeanor, provide the information required by § 14-224 (b) to either the bus driver or to the police immediately after the accident. The operator of a motor vehicle involved in an accident that causes damage to another vehicle, however slight, is required by the statute in question to provide the information listed in the statute. After reviewing the evidence in the light most favorable to sustaining the verdict, we conclude that the jury reasonably could have concluded that the defendant violated § 14-224 (b). Accordingly, we sustain the conviction.

The judgment is affirmed.

[1] The defendant represented himself at trial, but is represented by counsel on appeal to this court.

[2] Effective October 1, 2014, § 14-224 was amended by No. 14-130, § 25, of the 2014 Public Acts. Hereinafter, all references to § 14-224 in this opinion are to the 2011 revision of the statute.